Herbert G. GARDNER,
Petitioner-Appellant,

v.

Honorable George R. GAUBATZ, and the County Court of the Fifth Judicial District, Clear Creek County, Colorado, Respondents-Appellees.

No. 84CA0479.

Colorado Court of Appeals,
Div. III.

Nov. 14, 1985.

Rehearing Denied Jan. 9, 1986.

Certiorari Denied (Gardner) May 5, 1986.

Gerash, Robinson, Miller & Miranda, P.C., Walter L. Gerash, Christopher A. Miranda, Denver, for petitioner-appellant.

John F. Healy, Dist. Atty., Mark M. Myers, Deputy Dist. Atty., Georgetown, for respondents-appellees.

METZGER, Judge.

In this case involving interpretation of the Uniform Interstate Agreement on Detainer Act, § 24–60–501, et seq., C.R.S. (1982 Repl.Vol. 10) (the Act), petitioner, Herbert G. Gardner, appeals from the district court judgment entered pursuant to C.R.C.P. 106 affirming the county court's denial of petitioner's motion to dismiss his criminal case. Petitioner contends that the court erred in ruling (1) that an effective request for disposition pursuant to the Act must be made by a prisoner personally and may not be made by his attorney and (2) that a petitioner must personally sign documents constituting a waiver of extradition before a request for disposition pursuant to the Act can be effective. We affirm.

A chronology of the events pertinent here is as follows. On January 7, 1981, petitioner began a period of incarceration in Florida as a result of a sentence imposed in that state. On March 3, 1981, a criminal complaint and information charging him with two counts of first degree murder was filed in Clear Creek County, Colorado, and an arrest warrant issued. On July 14, 1981, petitioner's attorney wrote letters to the county court, the district attorney for Clear Creek County, and to the secretary of the Department of Corrections in Florida, requesting final disposition of the March 3, 1981 charges.

On September 8, 1981, the district attorney's office in Clear Creek County sent a formal notice of detainer to Florida authorities. On September 16, 1981, the Florida Department of Corrections formally lodged a detainer against the petitioner. On September 28, 1981, petitioner was notified of the detainer and was requested to sign "Form 2," a formal waiver of extradition and a formal request for final disposition pursuant to the Act. On the advice of his attorney, petitioner refused to sign "Form 2," and he reiterated that refusal when the same form was tendered a few days later.

On February 22 and 26, 1982, petitioner's attorney sent letters to the Clear Creek County district attorney and county court requesting that petitioner be brought to Colorado for final disposition pursuant to the Act and demanding speedy trial. On October 5, 1982, petitioner finally executed "Form 2," and on November 8, 1982, petitioner was returned to Clear Creek County.

Petitioner's attorney then filed a motion to dismiss the complaint and information, alleging that the district attorney and the Florida authorities had failed to comply with the provisions of the Act. After an evidentiary hearing before the county court on December 2, 1982, it denied the motion to dismiss, finding that a prisoner must personally request final disposition pursuant to the Act. It further found that October 5, 1982, the date petitioner signed "Form 2," was the effective date of his request for disposition pursuant to the Act.

Petitioner sought relief pursuant to C.R.C.P. 106 in the district court, and after a review of the record, the exhibits, briefs of counsel, and oral argument, the district court affirmed the county court's decision denying petitioner's motion to dismiss. It is from that judgment that petitioner appeals.

I.

■ Petitioner first contends that the court erred in concluding, as a matter of law, that a request for final disposition pursuant to the Act must be made by a prisoner personally, and cannot be effectively made by his attorney. We disagree.

Compliance by a prisoner with the provisions of the Act is essential. *Hughes v. District Court*, 197 Colo. 396, 593 P.2d 702 (1979). Section 24–60–501, Article III(a), C.R.S. (1982 Repl.Vol. 10), provides that a prisoner:

"shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and *his* request for a final disposition to be made of the indictment, the information or complaint...." (emphasis added)

Section 24–60–501, Article III(b), C.R.S. (1982 Repl.Vol.10), provides that:

"The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested."

We agree with the trial court that, inasmuch as the Act specifically provides that the request be made "by the prisoner," an attorney's letter is insufficient to trigger the provisions of the Act. As well, the circumstances of this case show that, since the officials in Colorado and Florida were

receiving conflicting signals from petitioner and his attorney, their actions were proper. Petitioner's attorney was sending letters which requested speedy disposition under the Act, while petitioner was consistently refusing to sign the necessary documents, pursuant to the advice of the same attorney, to effectuate his return to Colorado. Under such circumstances, the officials properly awaited action by defendant himself before proceeding under the Act.

## II.

Petitioner next contends that his signature on "Form 2" was unnecessary to constitute a formal request for disposition pursuant to the Act. Again, we disagree.

Section 24-60-501, Article III(e), C.R.S. (1982 Repl.Vol. 10), provides that any request for final disposition made by a prisoner pursuant to paragraph (a) "shall also be deemed to be a waiver of extradition...." It further provides that:

"the request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purpose of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement."

A waiver of extradition is personal to a defendant and cannot be delegated. *See* § 16-19-126, C.R.S. (1978 Repl.Vol. 8).

While the language of the Act does not specifically require that certain forms be signed in order to constitute a formal request, we agree with the trial court that a prisoner must personally execute a waiver of extradition before a formal request can be triggered. Otherwise, a prisoner would be able to take advantage of one provision of the Act and ignore another. As the Michigan Court of Appeals stated in *Edmond v. Michigan Department of Corrections*, 78 Mich.App. 196, 259 N.W.2d 423 (1977), on facts virtually identical to those here: "[I]t would not be appropriate to give

him the benefits of the agreement when he avoided its responsibilities."

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.